UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH PAUL GALLINA, | Case No. 07-12640 |
| Plaintiff, | |
| v. | Honorable Paul V. Gadola,<br>United States District Judge |
| WYANDOTTE POLICE DEPT.,<br>ET.AL., | Honorable R. Steven Whalen<br>United States Magistrate Judge |
| Defendants.<br>_____/ | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *Ex Parte Motion for Emergency Consideration on Plaintiff's Motion to Stay* [Docket #25] which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

Plaintiff, proceeding *pro se*, filed the instant action on June 21, 2007, alleging that the Defendants confiscated his 2003 Dodge Ram Pickup without [his] permission on April 27, 2007. Attached to the Complaint is an application for a *Petition for Hearing on Abandoned Vehicle*, issued by the 27th District Court on June 7, 2007 requiring Plaintiff to file a request for a hearing within 20 days of June 7, 2007. *Complaint* at pg. 4 of 7.

-1-

On August 28, 2007, Defendant Wyandotte Police Department answered the Complaint, stating that the vehicle in question "was removed from the private property of a person other than Plaintiff." *Docket #9* at 1. Defendant raises the Affirmative Defense of *res judicata*, noting that at the time its Answer, the same claim was being litigated in Wayne County Circuit Court. Docket #9-2 at 2. Attached to the present motion (subtitled *Motion for a Stay on Our Property*) is a copy of a sheriff's deed on a mortgage sale, dated April 26, 2007 and an eviction notice, stating that the occupants of 1461 Dee St. in Wyandotte, Michigan "are wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale." Docket #25 at 4, 5 of 33. Plaintiff apparently seeks to enjoin the removal of his personal belongings from the foreclosed property. Accordingly, his motion is liberally construed as a request for a temporary restraining order.

In determining whether to grant injunctive relief, including a temporary restraining order, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success factor

predominates. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

In this case, Plaintiff has an exceedingly poor chance of success on the merits. Aside from his attempt to access belongings remaining on the foreclosed real property, he has attached documentation to the present motion indicating that he disputes the validity of the April 26, 2007 Sheriff's Deed. *Docket #25*, pgs. 9-16 of 33. This argument is apparently based on a "land patent" theory. Every court that has considered this argument has found it to be frivolous. *See, e.g., Hedrick v. Coleman*, 2005 WL 2671327 (E.D. Mich. 2005) (Tarnow, J.); *Hilgeford v. People's* Bank, 776 F.2d 176 (7th Cir. 1985) (that title to land may have may have been given to remote predecessors in centuries past does not prevent the creation of later interests and has nothing to do with later actions arising under state law); *Nixon v. Phillipoff*, 615 F.Supp. 890, 894 (D.C. Ind. 1985) (land patent claim as a defense to a foreclosure action is a "frivolous legal nullity"); State *of Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) ("If self-drafted 'land patents' are frivolous gestures, as we held in *Hilgeford*, then removal of the state's prosecutions is frivolity on stilts. (Apologies to Jeremy Benthem))." In *Leach v. Building and Safety Engineering Division, City of Pontiac*, 993 F.Supp. 606, 607 (E.D. Mich. 1998), Judge Rosen, quoted the district court's decision in

*Hilgeford v. Peoples Bank*, 607 F.Supp. 536, 538, as follows regarding the "blatant insufficiency" of land patents:

> "It is, quite simply, an attempt to improve title by saying it is better. The court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get 'superior' title to land by simply filling out a document granting himself a 'land patent' and then filing it with the recorder of deeds. Such self-serving, gratuitous activity does not, cannot and will not be sufficient by itself to create good title."

As with every other court that has considered the question, I consider the "land patent" claim to be "among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law." *Spencer v. Social Security Administration*, 2006 WL 695782 (E.D. Mich. 2006).

Furthermore, aside from the probability that Defendants' affirmative defense of *res judicata* will be successful in dismissing this case, Plaintiff's claim appears to be barred by Rooker-Feldman doctrine,[1] based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court held that the Rooker-Feldman doctrine pertained specifically to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284, 125 S. Ct. at 1521-1522.

---

[1] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

State foreclosure actions brought in Federal Court are properly dismissed under the Rooker-Feldman doctrine. *See Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929 (6th Cir. 2002); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.Appx. 487 (6th Cir. 2005)(unpublished)(post-*Exxon Mobil* decision applying Rooker-Feldman where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); *Leach v. Manning*, 105 F.Supp.2d 707, 712 (E.D. Mich. 2000) (so-called federal "land patent" claim that was rejected by state court was barred under Rooker-Feldman). Likewise here, Plaintiff's *ex parte request*, premised on the invalidity of the foreclosure action, should be denied. Moreover, as noted above, Plaintiff's claims regarding his vehicle and personal property arising from the eviction action are apparently being addressed the Wayne County Circuit Court. For this reason also, Plaintiff's motion should be denied**.**

**CONCLUSION**

For these reasons, I recommend that Plaintiff's motion be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              S/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 29, 2008.

                                              S/G. Wilson
                                              Judicial Assistant