UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH PAUL GALLINA,

    Plaintiff,

v.                                 CASE NO. 4:07-CV-12640
                                HONORABLE STEPHEN J. MURPHY, III

WYANDOTTE POLICE DEPT., et al.,

    Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION AND DISMISSING CAUSE OF ACTION**

BACKGROUND

Now before the Court are the plaintiff's motion to stay the case [docket entry #25] and the defendant's motion to dismiss the cause of action [docket entry #42]. Also before the Court is Magistrate Judge R. Steven Whalen's August 29, 2008, Report and Recommendation regarding the plaintiff's motion to stay [docket entry #48]. The Report and Recommendation recommends that the plaintiff's pro se motion, liberally construed as a motion for a preliminary injunction, should be denied. The Report and Recommendation also notified the parties that any objections were required to be filed within ten days. Neither party filed any objections.

REPORT AND RECOMMENDATION

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object

1

to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Because neither party filed timely objections to Magistrate Judge Whalen's Report and Recommendation, *see* 28 U.S.C. § 636(B)(1)(c), this Court need not conduct a review. However, even though the Court was not required to conduct a review, the Court has considered the Report and Recommendation and finds it both factually and legally sound. As a result, the Court will accept and adopt the August 29, 2008, Report and Recommendation as the opinion and order of the Court and the plaintiff's motion to stay the case will be denied.

## MOTION TO DISMISS

The Court has fully reviewed the defendants' motion to dismiss the cause of action and the associated filings. The defendants argue that the plaintiff has repeatedly defied the Federal Rules of Civil Procedure regarding discovery and the Court's June 3, 2008 order compelling his deposition. *See* Order Granting Defendants' Motion to Compel, (June 3, 2008) [docket entry #38]. In the order compelling the plaintiff's deposition, Magistrate Judge Whalen notified the plaintiff that although he was proceeding *pro se*, he was required to follow the Rules of Civil Procedure. *Id*; *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for

extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." ) Magistrate Judge Whalen also notified the plaintiff that under the Federal Rules of Civil Procedure, the defendant was entitled to depose the plaintiff. Magistrate Judge Whalen ordered the plaintiff to submit to a deposition within fourteen days of the June 3, 2008 order. Pursuant to Federal Rule of Civil Procedure, the defendant was also awarded costs in the amount of $100.00 based upon the plaintiff's repeated failure to cooperate in discovery and the need for the defendant to seek the order to compel. Finally, Magistrate Judge Whalen issued the following warning: "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SEVERE SANCTIONS UNDER RULE 37, INCLUDING THE DISMISSAL OF HIS COMPLAINT. *See* Order (June 3, 2008)(emphasis in original).

The defendants' motion to dismiss argues that the plaintiff has failed to submit to a deposition despite the Court's order. The defendants have submitted evidence that the plaintiff failed to appear for a June 13, 2008 scheduled deposition, failed to respond to a subsequent letter requesting that he contact the defendants to schedule his court ordered deposition, and otherwise failed to comply with the Court's June 3, 2008 order.

The plaintiff filed two documents in an apparent attempt to respond to the defendants' motion to dismiss. In the first filing, titled "Complaint for Lack of Notice" [docket entry #44], the plaintiff argues that he did not receive the Court's order compelling his deposition, or the defendants' letter, until June 17, 2008, after the time required to complete the deposition had passed. The plaintiff's second filing, titled "Response to Motion to Dismiss" [docket entry #46], the plaintiff presents various arguments, none of which are

responsive or germane to the defendants' motion. The response also indicates that the plaintiff received the Court's order compelling his deposition on June 13, 2008, several days before the Court imposed deadline. In any event, notwithstanding the contradictory nature of the plaintiff's claims as to when he received the Court's June 3, 2008 order, he has failed to present any coherent rationale why he has failed to comply with the plain and unambiguous order of the Court requiring him to submit to a timely deposition.

In assessing whether to dismiss a complaint under the Federal Rules of Civil Procedure, the Court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998); *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997).

After considering the relevant factors, the Court finds that the analysis weighs heavily in favor of dismissal. Plaintiff has been "stubbornly disobedient and willfully contemptuous," with respect to the Court's efforts to steadily move along the case. *See Harmon, Inc.*, 110 F.3d at 368. The defendants have been "required to waste time, money, and effort in pursuit of cooperation" that the plaintiff is obligated to provide under both the Federal Rules and the Court's orders. *See id.* Furthermore, there can be no doubt that the plaintiff was placed on notice that his failure to cooperate could lead to dismissal. The plaintiff has violated both the Court's rules and the Court's June 3, 2008 order. The Federal Rules of Civil Procedure are clear that the dismissal of a complaint is

4

a potential sanction for such conduct. *See* Fed. R. Civ. P. 37(b)(2); 41(b). The Court's order explaining the possibility of this sanction was unambiguous. Additionally, the defendants' filing of the motion to dismiss provided the plaintiff with additional notice that his suit may be subject to dismissal but the plaintiff nevertheless failed to correct the deficiency. *See Harmon*, 110 F.3d at 368.

Finally, although this Court has considered the wide range of sanctions possible, the Court finds that no lesser sanction than dismissal would be appropriate. Although there is generally a preference for a decision on the merits, *see Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986), when a cause of action is wholly neglected by one party a dismissal is entirely appropriate. The Court will not require the defendants– willing and affirmatively seeking to clear their name– to defend a suit against brought by a plaintiff that repeatedly frustrates the just, speedy, and inexpensive determination of the claims. *See* Fed. R. Civ. P. 1. While the Court generally provides *pro se* litigants enlarged latitude with respect to their filings with the Court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), such latitude is not a license to willfully disregard the orders of the Court and frustrate the administration of justice. As a result, because of the plaintiff's repeated violations of the Court's rules and orders, the dilatory tactics with respect to discovery, and the overall lack of meaningful participation in effectively adjudicating this case, the Court finds that dismissal is the only appropriate sanction.

CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that the August 29, 2008 Report and Recommendation of Magistrate Judge R. Steven Whalen [docket entry #48], is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay the case [docket entry #25], is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the cause of action [docket entry #42], is **GRANTED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2008


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager